## THE ADAMS EXPRESS COMPANY v. B. P. McDONALD.

LANDLORD AND TENANT; *Sec. 2, Ch. 55, Gen. Stat., Construed.* A tenant under a lease for one year, who holds over and continues to occupy the premises after the expiration of his term, with the assent of the landlord, becomes a tenant from year to year. (Gen. Stat., ch. 55, p. 539, § 2.)

*Error from Bourbon District Court.*

ACTION brought by *B. P. McDonald*, defendant in error, against *The Adams Express Company*, the plaintiff in error, to recover rent for certain premises from June 1st, 1877, to February 1st, 1878, at the rate of $500 per annum, payable monthly. It was predicated upon a written lease between the parties, by the terms whereof the *Express Company* leased of *McDonald* the premises for the term of one year from February 1st, 1876, at the stipulated sum above stated, and upon the action of the *Company* in continuing the occupation of

the premises after February 1st, 1877, for the additional period of four months. On May 4th, 1877, the *Company* gave *McDonald* a written notice that it would leave the premises within thirty days, and on June 1st thereafter, the *Company* vacated the premises and quit paying rent. The case was tried by the court at the May Term, 1878. A jury was waived by the parties, and a general finding was made for *McDonald.* Judgment was rendered in his behalf for $331.20, and all costs, and the *Express Company* brings the case here on error.

*C. O. French,* and *Blair & Perry,* for plaintiff in error.
*Hulett & McCleverty,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The testimony of McDonald clearly shows that he did not make any new contract with the lessee prior to or after February 1st, 1877, nor can we say, upon the evidence as against the general finding of the court, that he did or said anything to induce the company to remain in possession of the premises after February 1st, 1877, upon the belief that he would make the property more suitable for their business, or that the company held over by reason of his acts and words, without reference to the original contract. The evidence is somewhat conflicting, but with us the finding of the court is conclusive upon all disputed and doubtful questions of fact.

Sec. 2, Gen. Stat., 539, provides that "when premises are let for one or more years, and the tenant, with the assent of the landlord, continues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant from year to year." In this case, the premises were let for one year. Under the finding of the court, we must conclude that the tenant, with the assent of the landlord, continued to occupy the premises after the expiration of the term of the lease, and therefore, that such tenant was rightly deemed to be a tenant from year to year, and liable for the

rent from February 1st, 1877, to February 1st, 1878, less what the lessor had received.

The judgment of the district court must be affirmed.

·All the Justices concurring.